**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**


| | | |
|---|---|---|
| **Adam Savett,** | ) | **CASE NO. 12 CV 310** |
| | ) | |
| **Plaintiff,** | ) | **JUDGE PATRICIA A. GAUGHAN** |
| | ) | |
| **Vs.** | ) | |
| | ) | |
| **Whirlpool Corporation, et al.,** | ) | <u>**Memorandum of Opinion and Order**</u> |
| | ) | |
| **Defendant.** | ) | |


<u>**INTRODUCTION**</u>

This matter is before the Court upon Defendant Home Depot U.S.A., Inc.'s Motion to Dismiss Plaintiff's Amended Complaint (Doc. 21).  Also pending is Defendant Whirlpool Corporation's Motion to Dismiss Plaintiff's Amended Class Action Complaint (Doc. 23).  This is a class action involving the consumer sale of washing machines.  For the reasons that follow, the motions are GRANTED.

<u>**FACTS**</u>

For the purpose of ruling on defendants' motions, the facts in the complaint are presumed true.

Plaintiff, Adam Savett, on behalf of himself and other similarly situated individuals,

brings this class action lawsuit against defendants, Whirlpool Corporation (sometimes, "Whirlpool") and Home Depot U.S.A., Inc.[1] (sometimes, "Home Depot") alleging wrongdoing in connection with the sale of washing machines.

On November 28, 2009, plaintiff purchased a Maytag Centennial MVWC6ESWW1 washing machine at a Home Depot located in this District.  The washing machine is marketed as "ENERGY STAR" compliant.  The price for the washing machine was $299.00 plus tax, which according to the complaint, includes a "substantial" price premium due to its energy efficiency.

The ENERGY STAR program is a government-backed program intended to identify and promote energy efficient products.  The program is jointly administered by the Department of Energy ("DOE") and the Environmental Protection Agency ("EPA").  According to the complaint, to qualify for the ENERGY STAR program, a washing machine must be "at least 37% more energy efficient than the minimum energy efficiency standards mandated by federal law."

On September 8, 2010, Springboard Engineering laboratories completed testing on the MVWC6ESWW1.   The results showed that the unit did not meet ENERGY STAR standards.  Thereafter, the DOE notified Whirlpool of the test results.  The DOE proceeded with additional testing.  After testing four additional units, the results again showed that the units do not meet ENERGY STAR standards.  The DOE again notified Whirlpool of the results.  On March 16, 2011, the DOE referred the matter to the EPA for appropriate action.  Plaintiff does not allege what action, if any, the EPA undertook.

---

[1]      Plaintiff named Home Depot, Inc. as the defendant in this matter. In its motion to dismiss, Home Depot U.S.A., Inc. indicates that it is the properly named defendant.

2

Plaintiff purports to bring this class action on behalf of six different classes, including a "nationwide class," and separate state-only classes for individuals residing in Ohio, Illinois, Michigan, and Indiana.  In addition, plaintiff purports to assert a nationwide class seeking declaratory relief.  In addition to the model he purchased, plaintiff also seeks relief for individuals purchasing model numbers MVWC6ESWW0 and MVWC7ESWW0.  According to the complaint, these models are substantially similar to the model he purchased.

Plaintiff filed an amended complaint containing twelve claims for relief.  Count one is a claim for violation of the Ohio Consumer Sales Practices Act, O.R.C. § 1345, et seq.  Count two is a claim for violation of the Ohio Deceptive Trade Practices Act, O.R.C. § 4165.01.  Count three is a claim for unjust enrichment and count four is a claim for fraud.  Count five is asserted against Home Depot only and is a claim for breach of contract.  Count six alleges a violation of the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301.  Counts seven and eight allege breach of express warranty and breach of the implied warranty of merchantability, respectively.  Counts one through eight are brought on behalf of the nationwide class or, alternatively, the Ohio-only class.  Counts nine, ten, and eleven, assert claims under the Illinois Consumer Fraud and Deceptive Business Practices Act, the Michigan Consumer Protection Act, and the Indiana Consumer Sales Act, respectively.   These claims are each brought on behalf of the applicable state-only class.  Count twelve seeks declaratory relief.

Defendants separately move to dismiss the complaint and plaintiff opposes the motions.

**STANDARD OF REVIEW**

When considering a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the allegations of the complaint must be taken as true and construed liberally in

favor of the plaintiff.  *Lawrence v. Chancery Court of Tenn.,* 188 F.3d 687, 691 (6th Cir. 1999).

Notice pleading requires only that the defendant be given "fair notice of what the plaintiff's

claim is and the grounds upon which it rests." *Conley*, 355 U.S. at 47.  However, the complaint

must set forth "more than the bare assertion of legal conclusions."  *Allard v. Weitzman* (*In Re*

*DeLorean Motor Co.*)*,* 991 F.2d 1236, 1240 (6th Cir. 1993).  Legal conclusions and unwarranted

factual inferences are not accepted as true, nor are mere conclusions afforded liberal Rule

12(b)(6) review. *Fingers v. Jackson-Madison County General Hospital District,* 101 F.3d 702

(6th Cir. Nov. 21, 1996),  *unpublished*.  Dismissal is proper if the complaint lacks an allegation

regarding a required element necessary to obtain relief. *Craighead v. E.F. Hutton & Co.,* 899

F.2d 485, 489-490 (6th Cir. 1990).

In addition, a claimant must provide "enough facts to state a claim to relief that is

plausible on its face."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569 (2007).  A pleading

that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of

action will not do." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1955 (2009). Nor does a complaint suffice

if it tenders "naked assertion[s]" devoid of "further factual enhancement."  *Id.*

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.  The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully.  Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it stops short of the line between possibility and plausibility of 'entitlement to relief.'

*Id.* at 1949 (citations and quotations omitted). *See also, Hensley Mfg. v. ProPride, Inc.*, 579 F.3d

603 (6th Cir.2009).

**ANALYSIS**

4

1.       Count one (Ohio Consumer Sales Practices Act)

         A.  Statute of limitations

Defendants argue that plaintiff's claim for damages is barred by the statute of limitations. According to defendants, a violation of the OCSPA must be brought within two years of the occurrence of the violation that is the subject of the suit.  Defendants claim that with regard to damages suits, the discovery rule does not apply.   According to defendants, plaintiff purchased the washer on November 28, 2009, and did not bring this lawsuit until February 8, 2012, more than two years later.  In response, plaintiff argues that he can toll the statute of limitations because defendants "engaged in a continuous misrepresentation."

Upon review, the Court finds that plaintiff's claim for damages is barred by the statute of limitations.  O.R.C. § 1345.10(C) provides, "An action under sections 1345.01 to 1345.13 of the Revised Code may not be brought more than two years after the occurrence of the violation which is the subject of suit, or more than one year after the termination of proceedings by the attorney general with respect to the violation, whichever is later."  The discovery rule does not apply to claims under the OCSPA.  *See Rosenow v. Shutrump & Assocs.*, 839 N.E.2d 82, 86-87 (Ohio App. 2005); *Sproles v. Simpson Fence Co.*, 649 N.E.2d 1297, 1302 (Ohio App. 1994).

Here, plaintiff points out that the OCSPA applies to "an unfair or deceptive act or practice...whether it occurs before, during, *or after* the transaction."  O.R.C. § 1345.02(A). According to plaintiff, the use of the ENERGY STAR logo constituted a continuous misrepresentation, which tolls the statute of limitations.  Plaintiff relies on *Hofstetter v. Fletcher*, 905 F.2d 897, 906 (6th Cir. 1988).  That case, however, is readily distinguishable.  In *Hofstetter*, the defendant sold plaintiff a life insurance policy promising that it would reduce her tax liability

5

to zero.  He thereafter continued to provide tax services to plaintiff on an annual basis.  The court

held that the statute of limitations did not bar the claim because defendant continued to make

assurances and provided "blatant improper advice," long after the sale of the original policy.

Thus, because the plaintiff filed her lawsuit within two years of these unconscionable acts, the

statute of limitations did not bar the claim.  In this case, however, plaintiff does not allege any

additional conduct subsequent to the sale of the washing machine.  According to plaintiff, the

mere continued use of the ENERGY STAR logo constitutes separate violations of the OCSPA.

The Court rejects this argument.  The thrust of plaintiff's claim is that defendants represented

that the washing machine was ENERGY STAR compliant as evidenced by the logo.  It is

undisputed that this logo was present on the machine at the time of sale.  Thus, the allegedly

wrongful act occurred at the time of sale and because plaintiff does not allege further affirmative

misconduct distinct from the initial misrepresentation, the statute of limitations began to run at

that time.[2]  Since plaintiff failed to file his complaint within two years of the sale, plaintiff is

barred from recovering damages under the OCSPA.

        **B.  Class claims**

A claim may be asserted under the OCSPA on behalf of a class of consumers only:

> Where the violation was an act or practice declared to be deceptive or unconscionable by
> rule adopted [by the Ohio Attorney General] before the consumer transaction on which
> the action is based, or an act or practice determined by a court of this state to violate
> section 1345.02, 1345.03, or 1345.031 of the Revised Code and committed after the
> decision containing the determination has been made available for public inspection
> under division (A)(3) of section 1345.05 of the Revised Code....

---

[2]    The Court further rejects plaintiff's argument that the Court cannot
consider this issue at this stage in the litigation.  Based on
plaintiff's own express allegations, the claim is time-barred to the
extent it seeks money damages.

6

O.R.C. § 1345.09(B).

In *Marrone v. Philip Morris USA,* 110 Ohio St.3d 5 (2006), the Ohio Supreme Court held that a consumer may assert a class action claim under the CSPA only if the alleged violation "is substantially similar to an act or practice previously declared to be deceptive by one of the methods identified in" Ohio Revised Code § 1345.09(B).

Defendants argue that plaintiff cannot maintain an OCSPA claim on behalf of a class because plaintiff does not identify any rule or decision finding the conduct to be deceptive or unconscionable.  In response, plaintiff identifies the following: the DOE correspondence, various judgment entries, O.A.C. §109:4-3-10, and six court decisions.  The Court will address each in turn.

With regard to the DOE correspondence, the Court agrees with defendants that the correspondence cannot serve as the basis for class action treatment under the OCSPA because it is  neither a "rule adopted by the Ohio Attorney General," or a practice determined by an Ohio court to violate the OCSPA.

Further, the Court reviewed the "consent judgments" cited by plaintiff.  Defendants argue that consent judgments do not satisfy the requirements of O.R.C. § 1345.09 (B) because they are agreements reached between parties and not court findings.  Plaintiff disputes this contention.  Both parties cite law supporting their respective positions.  This Court finds, however, that it need not reach the issue because the consent judgments are insufficient on other grounds.  Two of the consent judgments (*State ex rel. Cordray v. The Dannon Company, Inc.* and *State ex rel. Dewine v. GlaxoSmithKline, LLC*) postdate the purchase of the washing machine at issue in this case.  The statute clearly indicates that the transaction must occur "*after* the decision containing

7

the determination" is available for inspection.  Accordingly, those consent judgments may not

serve as the basis for allowing class claims to proceed.  The third consent judgment, *i.e.*, *State ex*

*rel. Rogers v. Airborne Health, Inc.*, does not involve an act or practice "substantially similar" to

the alleged misconduct in this case.  Rather, the consent judgment resolved advertising

pertaining to the medical efficacy of defendant's products.

The Court further finds that plaintiff's citation to O.A.C. §109:4-3-10 is misplaced.  The

Supreme Court of Ohio expressly rejected this very argument in *Marrone*.  *See*, *Marrone,* 110

Ohio St.3d at 10 (concluding that O.A.C.§109:4-3-10 is not sufficient to put a reasonable person

on notice of the prohibition against a specific act or practice).

Plaintiff further cites to six cases he believes constitute sufficient prior notice to satisfy

1345.09(B).  None of those cases come close to satisfying the statutory requirement.  As an

initial matter, at least five of them involve different industries[3].  *See*, *Marrone,* 110 Ohio St.3d at

10. ("Cases that involve industries and conduct very different from the defendant's do not

provide meaningful notice of specific acts or practices that violate the CSPA.").  The only case

even arguably relevant is *Nessle v. Whirlpool Corporation*, 2008 WL 2967703 (N.D. Ohio July

25, 2008).  *Nessle* involved the sale of refrigerator rated as "Gold," and plaintiff subsequently

had problems with the ice making function of the refrigerator.  Plaintiff's reliance on *Nessle* is

_____

[3]        *Sovel v. Richardson*, 1995 WL 678558 (Oh. Ct App. Nov. 15,
1995)(involving sale of used refrigerator and failing to address
whether conduct is actionable); *Hoffer v. Cooper Wiring Devices,*
*Inc.*, 2007 WL 1725317 (N.D. Ohio June 13, 2007)(involving
electrical receptacles); *Delahunt v. Cyrodyne Technologies*, 241
F.Supp.2d 827 (S.D. Ohio 2003)(involving dietary supplements);
*Howard v. Norman's Auto Sales*, 2003 WL 21267261 (involving
the sale of defective automobile); *Brown v. Lyons*, 332 N.E.2d 380
(involving the sale and repair of used appliances).

8

misplaced, however, because the opinion cited resolves a motion to dismiss.  Therefore, it does not constitute a determination by an Ohio court that a particular act or practice violates the OCSPA.[4]

Because plaintiff fails to satisfy O.R.C. § 1345.09(B)'s requirements, plaintiff may not maintain his OCSPA claim as a class action.

### C.  Individual rescission claim

The Court now turns to whether plaintiff's individual claim for rescission is plead with the requisite degree of particularity.  Defendants argue that plaintiff fails to satisfy Rule 9(b)'s particularity requirements because the complaint does not identify the date, time, and place he observed the logo.  Nor does plaintiff separately inform each defendant of its own alleged wrongdoing.  Rather, plaintiff groups the two together.  In response, plaintiff argues that the complaint satisfies both Rule 8's notice pleading requirements, as well as Rule 9(b)'s heightened requirements.

Upon review, the Court finds that the complaint fails to allege an individual claim for rescission under the OCSPA.  Defendants correctly note that there is a split among the courts in this district regarding the pleading standard applicable to claims asserted under the OCSPA.  Nor has the Sixth Circuit addressed this issue.  *See, Ferron v. Zoomego*, 276 Fed.Appx. 473 (6th Cir. 2008)(declining to address whether Rule 9(b)'s heightened pleading requirements apply to claims asserted under the OCSPA).   Upon review, however, the Court need not reach this issue

---

[4]        Having so concluded, the Court need not reach defendants' alternative argument, *i.e.*, that determinations by federal courts sitting in Ohio do not satisfy O.R.C. § 1345.09(B) because they are not "Ohio courts."

in that the complaint fails to meet the less stringent notice pleading requirements set forth in

Rule 8(a).

Defendants argue that plaintiff fails to allege that any misrepresentation impacted his

decision to purchase the washer.  In particular, plaintiff does not allege that he saw the logo or

any advertisement, understood the significance of "ENERGY STAR," or that the logo impacted

his decision to purchase the washer.  In response, plaintiff argues that he need not so allege.

The Court finds that plaintiff's failure to allege that any connection between his decision

to purchase the washer and either the ENERGY STAR logo or an  advertisement is fatal to his

claim.  The court in *Lilly v. Hwelett-Packard Co.*, 2006 WL 1064063 (S.D. Ohio April 21, 2006)

summarized the law as follows:

> Although the Court's research has not developed any Ohio cases directly addressing the
> issue of whether reliance is an element of a claim under § 1345.02, two unreported cases
> from the Sixth Circuit [] have taken divergent paths to reach a similar result.  In *Temple
> v. Fleetwood Ent., Inc.*, 133 Fed.Appx. 254 (6th Cir. 2005), the Court held that..., the
> plaintiff must 'show a material misrepresentation, deceptive act or omission that
> impacted his decision to purchase the item at issue.' *Id*. at 266.  Conversely, in *Butler v.
> Sterling, Inc.*, 2000 WL 353502 (6th Cir. 2000), the Court stated that 'a showing of
> subjective reliance is probably not necessary to prove a violation of the OCSPA.' *Id* at
> **4.  Nevertheless, the Court held [that] the plaintiff must establish that his or her
> damages were proximately caused by the defendant's conduct. *Id*.   In other words, there
> must be a nexus between the defendant's conduct and the alleged injury.

*Id*. at *5.

Thus, "where the defendant is alleged to have made material misrepresentations or

misstatements, there must be a cause and effect relationship between the defendant's acts and the

plaintiff's injuries." *Id.*  (finding that plaintiff failed to state a claim under the OCSPA where the

complaint did not allege that plaintiff saw or was even aware of the alleged misrepresentations).

*See also, In re Porsche Cars North America, Inc.*, --- F.Supp.2d ----, 2012 WL 2953651

10

(S.D.Ohio July 19, 2012)("To bring an OCSPA claim premised on affirmative conduct, a plaintiff must allege that he "saw or was ... aware of the alleged misrepresentations at any time before or during the purchase....").[5]

Here, plaintiff fails to allege that he saw the ENERGY STAR logo or any advertisement at any point.  Nor does he allege that he had any understanding of the meaning of the ENERGY STAR logo.  Absent such allegations, the Court finds that plaintiff fails to state an individual claim for rescission under the OCSPA.

2.      Count two (Ohio Deceptive Trade Practices Act)

Defendants move to dismiss count two on the grounds that the Ohio Deceptive Trade Practices Act does not apply to consumer transactions.  Plaintiff concedes and dismisses this claim.  Accordingly, count two is dismissed.

3.      Count three (unjust enrichment)

Defendant Whirlpool argues that plaintiff fails to state a claim for unjust enrichment because he does not allege that he conferred a benefit on Whirlpool or that Whirlpool's conduct was unjust.  Defendant further argues that the unjust enrichment claim fails *vis à vis* Whirlpool because Ohio law requires privity.  In response, plaintiff claims that Ohio law does not require that plaintiff plead unjust conduct.  Rather, plaintiff must simply allege that defendant's retention of the benefit is unjust.  In addition, plaintiff argues that Ohio law does not require privity in

---

[5]      Plaintiff purports to cite to Ohio law on the issue of reliance.  The cases plaintiff cites, however, do not address whether a plaintiff must allege the element of reliance.  Rather, those cases address whether a class action can be certified without proof of actual reliance by each and every class member, or whether the evidence showed that reliance can be presumed.

11

order to succeed on an unjust enrichment claim.

Defendant Home Depot argues that plaintiff's unjust enrichment claim fails because plaintiff alleges that a contract exists between the parties.  According to defendant, quasi-contract theories fail in the face of express contracts.  Defendant Home Depot also argues that plaintiff does not allege that it knew the washing machine was not ENERGY STAR compliant. In response, plaintiff argues that he is permitted to plead his theories in the alternative.  Because defendant Home Depot denies the existence of a contract, the Court cannot dismiss plaintiff's unjust enrichment claim.

Where "a party retains money or a benefit that in equity or justice belongs to another," he will be liable for unjust enrichment.  *Eyerman v. Mary Kay Cosmetics, Inc.*, 967 F.2d 213, 222 (6th Cir. 1992) (citing *Hummel v. Hummel*, 14 N.E.2d 923 (Ohio 1938)).  The elements of a claim for unjust enrichment include (1) a benefit conferred by a plaintiff upon a defendant; (2) knowledge by the defendant of the benefit; and (3) retention of the benefit by the defendant under circumstances where it would be unjust to do so without payment.  *Hambleton v. R.G. Barry Corp.*, 465 N.E.2d 1298, 1302 (Ohio 1984) (citing *Hummel*).  Under this theory of recovery, "civil liability may be imposed where one party retains a benefit from another's labors." *Guardian Technology, Inc. v. Chelm Properties, Inc.*, 2002 WL 31087415 at *2 (Ohio App. 8th Dist. Sept. 19, 2002) (citing *Shaw v. J. Pollock & Co.*, 612 N.E.2d 1295 (Ohio App. 9th Dist. 1992)).

Upon review, the Court finds that plaintiff fails to state a claim against defendant Whirlpool for unjust enrichment because plaintiff does not allege that he conferred a direct benefit on this defendant.  Under Ohio law, indirect purchasers may not assert unjust enrichment

claims against a defendant without establishing that the purchaser conferred a benefit on the defendant through an economic transaction.  *See, Johnson v. Microsoft Corp.*, 834 N.E.2d 791, 799 (Ohio 2005)("no economic transaction occurred between [plaintiff] and Microsoft, and, therefore, [plaintiff] cannot establish that Microsoft retained any benefit 'to which it is not justly entitled.'").  *See also, In re Whirlpool Corp. Front-Loading Washer Products Liability Litigation*, 684 F.Supp.2d 942, 952 (N.D.Ohio 2009)(noting that a "chain of sale" argument is contrary to Ohio law and, absent an allegation of a direct benefit, an unjust enrichment claim against a manufacturer cannot stand).[6]  In this case, plaintiff expressly alleges that he purchased the washing machine from Home Depot (ECF 18 at ¶ 18).  Notably absent is any allegation that plaintiff conferred a direct benefit on defendant Whirlpool.  *See, e.g.*, ECF 18 at 70 ("plaintiff *ultimately* conferred a benefit upon Defendants.").  Having failed to so allege, plaintiff's claim for unjust enrichment against defendant Whirlpool fails to state a claim for which relief may be granted.

With regard to defendant Home Depot, the Court finds that an unjust enrichment claim fails because an express contract governs the parties' transaction.  Although plaintiff did not oppose the dismissal of his contract claim, plaintiff alleges that an express contract exists between the parties.  Moreover, common sense dictates that an ordinary consumer transaction (such as that described in the complaint) is governed by a contract.  Because the dispute centers

---

[6]    Plaintiff relies on *Paikai v. General Motors Corp.*, 2009 WL 275761 (E.D. Cal. Feb. 5, 2009) and *Randleman v. Fidelity National Title Ins. Co.*, 465 F.Supp. 2d 812 (N.D. Ohio 2006).  These cases attempt to distinguish the Ohio Supreme Court's holding in *Johnson*.  The Court disagrees with the distinctions and finds the reasoning in *In re Whirlpool* persuasive.

13

around whether defendant delivered what it promised, the existence of an express contract bars an unjust enrichment claim.

    4.      Count four (fraud)

Defendants argue that plaintiff fails to state a fraud claim with particularity.  According to defendants, the complaint does not allege specific facts, including the date, time, and place plaintiff observed the ENERGY STAR logo.  In the event plaintiff is attempting to assert a fraud by omission claim, he fails to assert facts supporting a theory that defendants had a duty to disclose.   In response, plaintiff argues that his fraud claim is a "fraud by omission" claim.  According to plaintiff, "fraud by omission" claims require less formalized pleading.

Upon review, the Court finds that plaintiff fails to state a fraud claim for which relief may be granted.

> To prove a claim for common law fraud under Ohio law, a plaintiff must prove: (a) a representation or, where there is a duty to disclose, concealment of a fact, (b) which is material to the transaction at hand, (c) made falsely, with knowledge of its falsity, or with such utter disregard and recklessness as to whether it is true or false that knowledge may be inferred, (d) with the intent of misleading another into relying upon it, (e) justifiable reliance upon the representation or concealment, and (f) a resulting injury proximately caused by the reliance.

> A duty to disclose and corresponding liability for failure to disclose arises when: the party fails to exercise reasonable care to disclose a material fact *which may justifiably induce another party to act or refrain from acting*, and the non-disclosing party knows that the failure to disclose such information to the other party will render a prior statement or representation untrue or misleading.

*Glassner v. R.J. Reynolds Tobacco Co.*, 223 F.3d 343 (6th Cir. 2000)(emphasis added)(citations and quotations omitted).

Here, plaintiff alleges that defendants' "failure to disclose that the falsely labeled washers were not energy efficient within the parameters established by federal law and the Energy Star

program, [rendered] defendants' Energy Star logo untrue and misleading."  In other words, it appears that plaintiff is claiming that upon learning of the government testing in which certain washers failed DOE testing, defendants owed plaintiff a duty of disclosure.[7]  Plaintiff, however, fails to allege the necessary elements to support such a claim.  Notably absent from the complaint is any allegation that plaintiff acted or refrained from acting as a result of defendants' subsequent failure to disclose the results of the DOE testing.  Accordingly, plaintiff's fraud claim must be dismissed.

     5.      Count five (breach of contract against Home Depot)

Plaintiff asserts a claim for breach of contract against defendant Home Depot only. Home Depot moves to dismiss the claim on the grounds that plaintiff failed to give Home Depot proper notice of his claim.  In addition, Home Depot argues that the claim fails because plaintiff does not allege sufficient facts to establish the necessary elements of the claim.  According to defendant, plaintiff does not identify what contract term defendant breached.  Defendant claims that plaintiff does not allege that Home Depot agreed to sell plaintiff an ENERGY STAR compliant washing machine.  As such, plaintiff fails to state a breach of contract claim for which relief may be granted.

Plaintiff does not respond to this argument.  Although plaintiff argues that he did give Home Depot notice of his claims, he does not address in any fashion Home Depot's argument that plaintiff fails to properly allege a breach of contract claim.  Accordingly, the motion is

---

[7]     Plaintiff does not argue that defendants fraudulently placed the logo on the washers in the first place.  Nor does it appear the allegations would support such a claim because plaintiff does not allege that defendants knew the washers were not ENERGY STAR compliant *at the time of sale*.

unopposed on this basis.  Having opted not to oppose Home Depot's arguments, the Court finds that the claim must be dismissed.

6.      Count six (Magnuson-Moss Warranty Act)

The parties agree that the analysis regarding plaintiff's state law warranty claims applies with equal force to his claims under the Mangnuson-Moss Warranty Act.  As set forth below, the Court finds that plaintiff fails to state a claim for breach of warranty under state law.  For these same reasons, plaintiff's Magnuson-Moss Warranty Act claims also fail.

7.      Count seven (breach of express warranty, O.R.C. § 1302.26)

Defendants argue that plaintiff fails to state a claim for breach of express warranty. Defendant Whirlpool argues that it provided a limited express written warranty, which contains no promises regarding the energy efficiency of the washer.  Defendant Whirlpool argues that plaintiff fails to allege that this limited warranty was breached in any way.  Plaintiff does not respond to this argument and the complaint does not appear to allege that defendant Whirlpool breached this warranty.

Both defendants argue that plaintiff fails to allege an express warranty apart from the limited express written warranty provided by defendant Whirlpool.  According to defendants, plaintiff fails to identify any affirmation of fact or promise.  Defendants argue that advertisements showing the ENERGY STAR logo are insufficient to create an express warranty. Home Depot also claims that its advertisements do not constitute express warranties.   In response, plaintiff argues that the ENERGY STAR logo itself constitutes an express warranty. Plaintiff also claims that the advertisements are express warranties.

Defendants further argue that plaintiff's claim fails because he does not allege that he

16

saw, heard, or received any such affirmation of fact or promise. Defendants claim that plaintiff does not allege that he saw any advertisement.

Pursuant to Ohio law, express warranties are created as follows:

(1) Any affirmation of fact or promise made by the seller to the buyer which relates to the goods and becomes part of the basis of the bargain creates an express warranty that the goods shall conform to the affirmation or promise.

(2) Any description of the goods which is made part of the basis of the bargain creates an express warranty that the goods shall conform to the description.

(3) Any sample or model which is made part of the basis of the bargain creates an express warranty that the whole of the goods shall conform to the sample or model.

O.R.C. § 1302.26

Upon review, the Court finds that plaintiff fails to allege the existence of an express warranty because use of the ENERGY STAR logo is not an "affirmation of fact or promise" as alleged in this case. As an initial matter neither the parties nor the Court uncovered any case in which a logo has ever been held to constitute an express warranty. Moreover, the logo itself contains no assertion of fact or promise. Unlike traditional express warranties where unambiguous promises or factual assertions are made, which are clearly understood on their own footing, any meaning conveyed by the logo requires independent knowledge.[8] In fact, plaintiff never expressly identifies a particular factual promise allegedly conveyed by the logo. For example, plaintiff alleges that "in order to qualify for the ENERGY STAR program, *most* washing machines must be at least 37% more energy efficient." (Compl. ¶14)(emphasis added). On the other hand, plaintiff also alleges that "[t]he message conveyed by the ENERGY STAR

---

[8]     Notably, plaintiff does not allege the he saw or understood any purported meaning of the logo.

17

logo is that the consumer can maximize his or her energy savings while helping to protect the environment." Yet, plaintiff does not allege that the washer he purchased wholly fails to provide some degree of energy savings. Thus, it is unclear what express factual assertion or promise plaintiff believes the logo conveys. At best, plaintiff claims that the logo conveys that the washer complied with unidentified and specific testing requirements established by the federal government for participation in the ENERGY STAR program. This Court disagrees that the logo conveys this specific promise. To the extent the logo could ever be considered as an express assertion of fact or promise, the most generous conclusion would simply be that the government approved the appliance for participation in the ENERGY STAR program. Yet, plaintiff does not allege that the government ever revoked defendants' right to use the ENERGY STAR logo.

The Court further rejects plaintiff's argument that it sufficiently alleges that certain advertisements created express warranties. Regardless of whether advertisements give rise to warranties, plaintiff simply fails to make such allegations in this case. Plaintiff expressly references only one advertisement– an advertisement apparently appearing on Amazon.com on January 12, 2012. Although plaintiff alleges that "Whirlpool and its retail partners aggressively marketed the [washers] based on their ENERGY STAR rating," the advertisement that plaintiff cites does not implicate either defendant. (ECF 18 at ¶ 16). Rather, the advertisement is expressly alleged to have come from Amazon. Moreover, the complaint alleges that the advertisement appeared on January 24, 2012. Similarly, the only allegation directed at Home Depot alleges that "Home Depot's advertisement of the [washers] also lists the ENERGY STAR rating as one of their features." (ECF 18 at ¶ 17). Other than a vague allegation that defendants

18

"aggressively" advertised, or that some undisclosed Home Depot advertisement identified the ENERGY STAR logo, there is no reference to a particular advertisement that allegedly created an express warranty. Accordingly, even under notice pleading standards, the complaint fails to put defendants on notice of the warranty allegedly breached.

Having concluded that plaintiff fails to sufficiently allege an express warranty, the Court need not address whether plaintiff must rely on any such warranty in order to state a claim for relief.

8.      Count eight (breach of implied warranty of merchantability, O.R.C. § 1302.27)

Defendants move to dismiss plaintiff's breach of implied warranty claim. Defendant Whirlpool argues that plaintiff lacks privity with Whirlpool and, as such, the claim fails. Defendant further argues that its express limited warranty modified the implied warranty of merchantability. In response, plaintiff argues that he was an intended third-party beneficiary to the contract between Home Depot and Whirlpool. As such, the lack of privity does not bar his claim against defendant Whirlpool. He further claims that the express limited warranty failed of its essential purpose. Therefore, it does not bar his implied warranty claim.

Upon review, the Court finds that plaintiff's claim against Whirlpool fails because plaintiff does not allege that he is in privity with this defendant. Ohio law requires privity in order to sustain a breach of implied warranty claim. *See, Curl v. Volkswagen of Am., Inc.*, 871 N.E.2d 1141 (Ohio 2007)("longstanding Ohio jurisprudence provides that purchasers... may assert a contract claim for breach of implied warranty only against parties with whom they are in privity. Having reviewed the authority in Ohio, as well as that of other jurisdictions, we see no compelling reason to stray from precedent"). Even assuming an Ohio court would allow an

19

intended third-party beneficiary to bring an implied warranty claim directly against a manufacturer, plaintiff falls far short of alleging such a relationship.  The only allegation plaintiff points to is a legal conclusion, *i.e.*, "plaintiff and class members were intended–not merely incidental– third-party beneficiaries...." (ECF 18 at ¶ 1140.  Given the privity requirement, this bare allegation is insufficient to allege a breach of implied warranty claim.  This is especially so in light of the common sense nature of consumer transactions.  Plaintiff expressly alleges that he went to Home Depot and purchased his washing machine.  Absent some additional allegation regarding plaintiff's intended third-party beneficiary status, the Court agrees with defendant Whirlpool that the complaint alleges an ordinary downstream consumer transaction. Accordingly, plaintiff fails to assert a claim for breach of implied warranty against defendant Whirlpool.  Having so concluded, the Court need not address whether Whirlpool's limited express warranty also bars the claim.

Both defendants argue that plaintiff's claim fails because plaintiff does not allege that the washers failed of their essential purpose.  According to defendants, the essential purpose of a washing machine is to wash clothes.  Since plaintiff does not allege that the washers fail in this regard, plaintiff cannot sustain a breach of implied warranty of merchantability.  Plaintiff alleges that the essential purpose of his washer was to "function properly as energy efficient washing machines within the parameters established by federal law and the ENERGY STAR program." (ECF 18 at ¶ 112).  According to plaintiff, whether a products fails of its essential purpose is a question of fact.

Upon review, the Court finds that plaintiff fails to state a claim for breach of the implied warranty of merchantability.  Under Ohio law, an implied warranty of merchantability requires

20

that goods be fit for the *ordinary* purposes for which such goods are used." O.R.C. § 1302.27.

Here, the Court finds that the ordinary purpose of a washing machine is to wash and clean dirty

clothes. *See, e.g., Montich v. Miele USA, Inc.*, 2012 WL 1005329 (D.N.M. Mar. 27,

2012)(noting that ordinary purpose of washing machine is to wash and clean dirty clothes);

*Tietsworth v. Sears, Roebuck and Co.*, 2009 WL 3320486 (N.D.Cal. Oct. 13, 2009)(same).

Plaintiff does not allege that the washing machine fails to wash and clean his clothes. Rather, he

simply alleges that to do so requires more energy and, therefore, additional costs. This allegation

is insufficient to state a claim for breach of the implied warranty of merchantability.

Accordingly, plaintiff's claim against both defendants fails for this reason.

      9.      Counts nine through eleven  (state statutory consumer protection statute claims)

      Counts nine, ten, and eleven, assert claims under the Illinois Consumer Fraud and

Deceptive Business Practices Act, the Michigan Consumer Protection Act, and the Indiana

Consumer Sales Act, respectively. Plaintiff expressly asserts these claims only against defendant

Whirlpool. In addition, the claims are brought on behalf of a class of individuals residing in

each particular state. Whirlpool argues that plaintiff lacks standing to bring claims under other

state's statutes. Defendant claims that the Court should address this issue now, as opposed to

during the class certification process. In response, plaintiff argues that defendant is confusing

Article III standing with Rule 23. According to plaintiff, many courts allow the certification of

multi-state or even nationwide classes without requiring an individual class representative from

each state.

      Upon review, the Court finds that it need not address this issue. Having disposed of all

of the claims plaintiff directly asserts against Whirlpool, and because plaintiff does not allege

that his transaction with defendant involved any tie to Illinois, Michigan, or Indiana, the Court finds that plaintiff fails to state a claim under these statutes as well.  Because plaintiff has no individual claims in this case, he cannot pursue claims on behalf of a class.

Having so concluded, the Court need not reach whether the claims fail for the additional reasons outlined by defendant.

12.     Count twelve (declaratory relief)

Having disposed of the substantive claims against defendant Whirlpool, the Court finds that plaintiff's request for declaratory relief, which is not an independent cause of action, is not viable.

13.     Standing regarding "other washer models"

Having disposed of all of the claims in this case, the Court need not reach whether plaintiff has standing to assert claims on behalf of purchasers of other washer models.

**<u>CONCLUSION</u>**

For the foregoing reasons, Defendant Home Depot U.S.A., Inc.'s Motion to Dismiss Plaintiff's Amended Complaint (Doc. 21) is GRANTED.  Defendant Whirlpool Corporation's Motion to Dismiss Plaintiff's Amended Class Action Complaint (Doc. 23) is also GRANTED.

IT IS SO ORDERED.



 /s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Judge

Dated: 8/31/12

22